# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

WILLIAM DIXON,

    Plaintiff,

v.

MICHELLE W. COLE,

    Defendant.

Civil Action No. TDC-16-3922

## MEMORANDUM ORDER

Plaintiff William Dixon, a prisoner incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has brought this civil rights action pursuant to 42 U.S.C. § 1983 against Administrative Law Judge Michelle W. Cole of the Maryland Office of Administrative Hearings ("OAH"). He alleges that ALJ Cole violated his rights under the Eighth Amendment to the United States Constitution and the Code of Maryland Regulations when she refused to award him damages pursuant to a complaint he had filed with the Inmate Grievance Office ("IGO"). ALJ Cole has filed a Motion to Dismiss on the basis that Dixon's claim is barred by the Eleventh Amendment to the United States Constitution and that she is absolutely immune from liability for actions taken in her role as an administrative law judge. Having reviewed the pleadings and briefs, the Court finds that no hearing is necessary to decide this Motion. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

On February 17, 2015, Dixon filed a grievance with the IGO alleging that his television, remote control, and sunglasses were damaged by Maryland Division of Correction ("DOC") staff

while he was in administrative segregation at NBCI. On June 8, 2015, ALJ Cole convened a videoconference hearing. *See Dixon v. Maryland Div. of Corr.*, No. DPSC-IGO-002V-15-18857 (Md. Office of Admin. Hearings Sept. 1, 2015) ("ALJ Op."), ECF No. 7-2.[1] Cole dismissed the IGO grievance, finding that although Dixon had established that his television was damaged by DOC staff, he had offered insufficient evidence of the fair market value of his property and thus could not be awarded damages. *Id.* at 5–6. Cole's determination to withhold a damages award is the basis for this suit.

Dixon filed his Complaint with this Court on December 7, 2016, seeking the replacement cost of the property, damages for "disrespect," punitive damages, and injunctive relief mandating that ALJ Cole be suspended for 60 days. Compl. at 4, ECF No. 1. Dixon alleges that the value of his property could be derived from an Inmate Standard Property Inventory Sheet, and that Cole did not take into consideration the difficulty faced by prisoners who are transferred among institutions in maintaining such evidence.

## DISCUSSION

Cole seeks dismissal of the Complaint on the grounds that Dixon's claims are barred by the Eleventh Amendment and that she is entitled to absolute judicial immunity.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of ALJ Cole's decision on Dixon's IGO complaint, ECF No. 7-2.

conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Documents attached to the complaint or motion may be considered if "they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may also take judicial notice of matters of public record, such as administrative proceedings. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) ("Courts sitting in this Circuit have taken judicial notice of such administrative documents as decisions of the Maryland OAH.").

## II. Eleventh Amendment Immunity

Although not delineated in the Complaint, the Court assumes that Dixon is suing Cole in both her official and individual capacities. Cole contends that she is protected from suit in her official capacity under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend XI. In effect, the Eleventh Amendment bars suits for damages against a state in federal court unless the state has waived its sovereign immunity or Congress has abrogated its immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Moreover,

"a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

ALJ Cole is a State employee under Maryland law. *See* Md. Code Ann., State Gov't § 12-101(a)(1) (2015) (defining "state personnel"). To the extent, therefore, that Dixon is seeking damages against Cole in her official capacity, he has asserted a claim against the State of Maryland. Although Dixon asserts that he may sue ALJ Cole under 42 U.S.C. § 1983, the statute allowing private lawsuits against government officials for violations of federal law, Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Will*, 491 U.S. at 66; *Dyer*, 187 F. Supp. 3d at 611 & n.16. Furthermore, Maryland has not waived it sovereign immunity for claims brought in federal court. Md. Code Ann., State Gov't § 12–104(a); *Dyer*, 187 F. Supp. 3d at 611. Thus, Dixon's claim for monetary damages against Cole in her official capacity is barred by the Eleventh Amendment. *See Pennhurst*, 465 U.S. 100–01; *Darling v. Falls*, 236 F. Supp. 3d 914, 925–26 (M.D.N.C. 2017) (holding that a § 1983 claim against state judges was barred by the Eleventh Amendment).

### III.    Judicial Immunity

Cole asserts that Dixon's claim against her in her individual capacity is barred by judicial immunity. Judicial immunity shields judges from liability for damages for "acts committed within their judicial jurisdiction." *Imbler v. Patchman*, 424 U.S. 409, 418 (1976); *see also Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Because judicial immunity ensures that judges can perform their functions without harassment or intimidation, it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967)

(citation omitted). As the United States Supreme Court has stated:

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). In enacting § 1983, Congress did not abrogate judicial immunity. *Pierson*, 386 U.S. at 554–555. Judicial immunity applies fully to administrative law judges when they are acting in a judicial capacity, such as presiding over adversarial proceedings and making decisions on issues of fact and law. *See Butz v. Economou*, 438 U.S. 478, 513–514 (1978) (holding that administrative law judges in the federal Executive Branch are "functionally comparable" to federal judges and thus subject to absolute judicial immunity).

In deciding whether judicial immunity applies, courts must determine whether the challenged action was "judicial," that is, not performed within the defendant judge's capacity as a private citizen, and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction over the case at hand. *Stump*, 435 U.S. at 356, 360–62. Unless it can be shown that a judge was acting as a private person or in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356–57.

Here, ALJ Cole presided over Dixon's IGO claim, heard evidence, and reached conclusions based on that evidence, all actions clearly taken in her judicial capacity. Dixon's IGO complaint was also a matter within her subject matter jurisdiction. *See* Md. Code Ann. Corr. Servs. § 10-209 (2002). Cole is therefore entitled to absolute immunity for the decision rendered in Dixon's case. *See, e.g., Brightwell v. Hershberger*, No. DKC-11-3278, 2013 WL

5

709784, at *4 (D. Md. Feb. 26, 2013) (holding that a Maryland administrative law judge was entitled to judicial immunity relating to a decision in a complaint brought by a state prisoner). *See also Grady v. Hall*, No. 5:16-CT-3026-FL, 2016 WL 7664300, at *2 (E.D.N.C. July 28, 2016) (applying judicial immunity to a complaint filed by a prisoner against a North Carolina administrative law judge); *Baccus v. Florian*, No. 9:12-2440-DCN-BM, 2012 WL 4985243, at *2 (D.S.C. Sept. 21, 2012) (applying judicial immunity to a complaint by a state prisoner against a South Carolina administrative law judge). Dixon's claim for money damages against Cole must be dismissed.

As for Dixon's request for an injunction requiring ALJ Cole to be suspended for 60 days, such relief is unavailable under § 1983, which provides, as relevant here, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted[.]" 42 U.S.C. § 1983; *see Willner v. Frey*, 421 F. Supp. 2d 913, 926 n.18 (E.D. Va. 2006).

This decision is not a reflection of the merits of Dixon's claims, only the fact that he chose the wrong mechanism by which to challenge ALJ Cole's decision. To the extent that Dixon believes that Cole's decision violated Maryland regulations or other applicable law, Dixon should have sought further review in the appropriate state circuit court. This option was explained to him in an addendum attached to Cole's decision, which states: "You are entitled to file a petition for judicial review with the circuit court for the county in which the institution you are confined is located within thirty (30) days of the mailing of the decision." ALJ Op. at 7.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant Cole's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, ECF No. 7, is GRANTED.

2. The Clerk is directed to CLOSE this case.

3. The Clerk shall MAIL a copy of this Order to Dixon.

Date: February 15, 2018

THEODORE D. CHUANG
United States District Judge